UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Bryan Sanshuck, et al.,** | : | **Case No. 1:08-CV-2318** |
| Plaintiff, | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| **Heriberto Melendez Guzman, et al.,** | : | **MEMORANDUM AND ORDER** |
| Defendant. | : | |

Pending before the Court is a motion to dismiss filed by Defendant Ortiz, Rivera, & Rivera Co. ("OR&R"). (Doc. 3.) This motion is filed under Rules 12(b)(2), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, that motion is **TERMED** pending the filing of an amended complaint.

The complaint in this case asserts that Plaintiff Bryan Sanshuck was induced to enter into a Service Agreement with Defendants Bert Guzman ("Guzman"), Electronic Payment Services Corp. ("EPS"), and FBS Commerciales, Inc. ("FBS") after Guzman provided the Plaintiffs with allegedly false financial statements that were prepared by OR&R. The Plaintiffs argue that OR&R negligently prepared these statements, upon which the Plaintiffs then reasonably relied. (Doc. 1 ¶ 117.)

OR&R argues that all of its activities were limited to Puerto Rico, and thus neither jurisdiction nor venue are proper. (Docs. 3, 16.)[1] In the alternative, OR&R argues under Rule 12(b)(6) that the Plaintiffs have failed to state a claim for relief.

---

[1] Plaintiffs support their claim of jurisdiction and venue with an affidavit from Plaintiff Brian Sanshuck purporting to attest to what another individual "knew." The Court could not properly consider such an affidavit:

The Court need not delve into these arguments too deeply, however, because the Plaintiffs' brief in opposition contains what the Court will interpret as a motion to amend their complaint under Rule 15(a). Plaintiffs concede that, as the complaint is currently pled, they do not even have standing to assert a claim against OR&R. They then correctly argue, however, that they are entitled to amend their claim under Rule15(a) at this early stage of the proceedings and assert facts that would appear to support a non-frivolous claim against OR&R and one upon which jurisdiction in this forum might be predicated. *See, e.g.*, *Foster v. DeLuca*, 545 F.3d 582, 583-584 (7th Cir. 2008).[2] While it would have been a better practice for plaintiffs to file a formal motion to amend, accompanied by a proposed amended complaint, the Court exercises its discretion to shortcut the procedural process so that this matter might move forward more expeditiously.[3]

---

> An affidavit . . . should be based on personal knowledge and its allegations should not contain ultimate or conclusory facts and conclusions of law. It is equally as clear . . . that Plaintiffs['] affidavits and exhibits submitted in support of the Response to the [motion to dismiss] must comply with the Rules of Evidence. The allegations contained in the affidavits and pleadings may not be merely conclusory, but rather, must assert particular facts which establish the necessary ties between the defendant and the forum state.

*McReynolds v. Lowe's Cos., Inc.*, No. 08-335, 2008 U.S. Dist. LEXIS 100594, at *18-19 (D. Idaho Dec. 12, 2008) (citations omitted).

[2] The Plaintiffs raise a number of new contentions in their brief in opposition that would appear to impact the analysis of the jurisdictional question substantially, at least to the extent that they appear to tie issues of jurisdictional discovery closely into issues of fact discovery.

Furthermore, while the Court reaches no conclusion at this time on the merits of the asserted grounds for relief under Rule 12(b)(6), the Court urges the Plaintiffs to take this opportunity to ensure that all claims are properly pled. *C.f. Courie v. Alcoa Wheel & Forged Prods.*, No. 07-4440, 2009 U.S. App. LEXIS 18561, at *6 (6th Cir. August 18, 2009) ("[W]hile this new *Iqbal/Twombley* standard screens out the 'little green men' cases just as *Conley* did, it is designed to also screen out cases that, while not utterly impossible, are 'implausible.'" (citation omitted).)

[3] At the time the Plaintiffs made this argument, they properly pointed to Rule 15(a)(1)(A) because no responsive pleading had been filed. As certain Defendants have now filed answers, however, the Court grants this request under Rule 15(a)(2).

The Court, accordingly, **TERMS** OR&R's Motion to Dismiss (Doc. 3) pending the filing of an amended complaint.[4]  Plaintiffs must file such a complaint by September 30, 2009.

**IT IS SO ORDERED.**

                 s/Kathleen M. O'Malley
                 **KATHLEEN McDONALD O'MALLEY**
                 **UNITED STATES DISTRICT JUDGE**

**Dated: September 16, 2009**

---

[4] OR&R may, of course, file a new motion to dismiss if appropriate, but just as Plaintiffs have been urged to ensure all of their claims are properly pled, OR&R is similarly cautioned to file such a motion only if it legitimately believes such a motion is meritorious. *Cf. Brehm v. Capital Growth Fin.*, No. 8:07-CV-254, 2009 U.S. Dist. LEXIS 41055, at *18-19 (D. Neb. May 14, 2009) ("[Defendant] knew or should have known that the financial statements it prepared would be disseminated in [this state].  The court finds sufficient minimum contacts . . . to satisfy due process requirements."); *J4 Promotions, Inc. v. Splash Dogs, LLC*, No. 08-CV-977, 2009 U.S. Dist. LEXIS 11023, at *18-19 (N.D. Ohio Feb. 13, 2009) ("The Sixth Circuit has held that a person [meets the requirements of the Ohio long-arm statute] if the business operations set in motion by the defendant have a 'realistic impact' on Ohio commerce." (citations omitted)); *Shoenfelt v. Devcon Int'l Corp.*, No. 07-16, 2008 U.S. Dist. LEXIS 98091, at *3 (D.V.I. Oct. 24, 2008) ("It is clear that a 'substantial part of the events or omissions giving rise to the claim occurred' here.  While some of the decisions in issue made by [Defendant] may have emanated [outside the forum], they had their adverse effect on plaintiffs in [this forum], as [Defendant] knew they would." (citations omitted)); *In re Triton Secs. Litig.*, 70 F. Supp. 2d 678, 687 (E.D. Tex. 1999) ("[V]enue [is] proper in [a] district when [the] defendants made statements to [a] third party that [the] defendants knew or should have known would be read and relied upon by plaintiffs in [the] district." (citation omitted)).