**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **BRYAN SANSHUCK,** *et al.*, : | Case No. 1:08-CV-2318 |
| **Plaintiffs,** : | |
| : | **JUDGE KATHLEEN O'MALLEY** |
| **v.** : | |
| **HERBERTO MELENDEZ** : | **MEMORANDUM AND ORDER** |
| **GUZMAN,** *et al.*, | |
| **Defendants.** : | |

Pending before the Court is a Motion to Render Service Perfected upon Defendants Edit Davila DeJesus and Heriberto Guzman (Doc. 40), the individually named defendants in this action. As explained below, while this Motion is **DENIED**, the United States Marshal for the District of Puerto Rico is directed to reattempt service (*see* Fed R. Civ. P 4(b)) after contacting the Plaintiffs' counsel.[1]

## I. PROCEDURAL HISTORY

On September 30, 2008, the Plaintiffs filed a Complaint against Heriberto Melendez Guzman ("Guzman"), Electronic Payment Services Corp. ("EPS"), FBS Commerciales, Inc. ("FBS"), Edith Davila DeJesus ("DeJesus"), Daniel Cacho ("Cacho"), Francisco J. Feliciano ("Feliciano"), Caballero & Bernier ("C&B"), and Ortiz, Rivera & Rivera Company ("OR&R"). (Doc. 1.)

On October 27, 2008, Defendant OR&R waived service of process. (Doc. 2.) On January 30, 2009, service was executed upon Defendants Cacho, C&B, and Feliciano by certified mail. (Docs. 7-9.)

---

[1] During a hearing in this action on July 9, 2010, the Plaintiffs' counsel explained to the Court that he had wished to speak with the United States Marshal in for the District of Puerto Rico, but been unable to do so.

At that time, attempted service as to the remaining four defendants (Guzman, DeJesus, FBS, and EPS) was not successful.  (Docs. 12, 14, 15, 23.)

On September 4, 2009, the Plaintiffs filed a motion requesting that the United States Marshal for the District of Puerto Rico serve process on the four still-unserved defendants.  (Doc. 31.)  In that motion, the Plaintiffs explained that they had been attempting to service process on those defendants, but alleged that the defendants were actively attempting to avoid serve by, for example, refusing entry to process servers.  (*Id*.)  On September 17, 2009, this Court granted the Plaintiffs' motion.

On December 7, 2009, the Marshal filed return of service for all four remaining defendants. (Docs. 34-37.)  While the Marshal had successfully served EPS, he filed an unexecuted return of service for Guzman, DeJesus, and FBS.  (*Id*.)

On June 9, 2010, the Plaintiffs filed the current motion.  (Doc. 40.)

## II.  FACTUAL BACKGROUND

In their current motion, the Plaintiffs allege that the United States Marshal was unsuccessful in his attempt at service only because Guzman and DeJesus deliberately avoided this service.  (*See id*.)  In particular, the Plaintiffs' claim:

> When attempting to serve Defendants Guzman, Davila, and EPS, the Marshal was informed by personnel occupying the address listed on the Process Receipt and Return (Capital Center Building, Suite 405, 239 Arterial Hostos Ave., Hato Rey, Puerto Rico 00918) that the Defendants were no longer at that address. The Marshal was then referred to attorney Jose Antonio Diaz Algarin in suite 703 of the Capital Center Building in a further attempt to serve Defendants.
>
> Contrary to the information provided by the personnel in suite 405, EPS still maintains an office in suite 405 and Defendant Guzman and Davila are still designated as its executive officers. (See EPS/Patrix Online Executive Officers Page attached hereto as Exhibit "C".) The only difference is that EPS unexplainably changed its name to Patrix. (See EPS/Patrix Online Information Page attached hereto as Exhibit "D".)

(*Id*.)

2

The Plaintiffs also allege that Guzman and DeJesus have received actual notice of this suit through their attorney and through successful service of EPS, a company in which they are high-ranking officers.  (*See id.*)

**III. ANALYSIS**

While the Court is not unsympathetic to the Plaintiffs' position, their motion is not well-taken.  First, although it appears that courts have only rarely had the occasion to address when a party has been served constructively, it is clear that the bar is a very high one.  The lowest arguable standard in Ohio is that a court may deem process served when individual defendants have "deliberately avoided service of process," *see B-Dry Sys. v. Kronenthal*, 1999 Ohio App. LEXIS 3080 (Ohio Ct. App. 1999), and the Plaintiffs do not cite, nor has this Court been able to locate, any standard based on the inherent authority of a federal district court.[2]

Second, the Plaintiffs' motion is missing a critical detail.  Although that motion indicates that "personnel occupying the address" at which the Defendants reside provided incorrect information to the Marshal, the motion does not (presumably because it cannot) explain what personnel provided this information.  While it is difficult to avoid the impression that the Defendants have been "deliberately avoiding service," given the very limited caselaw and the relative absence of specific facts pertaining to the Plaintiffs' and Marshal's attempts at service, this Court is unclear that it has the authority to deem process served.  In light of this, the more prudent course of action is to **DENY** Plaintiffs' motion at this time.

The above being said, the United States Marshal for the District of Puerto Rico is directed to reattempt service on Defendants Guzman and DeJesus.  *See* Fed. R. Civ. P. 4(c)(3).  Prior to attempting

---

[2] The constitutional standard is actual notice.  *See Sparton Engineered Prods. v. Cable Controls Techs.*, Case No. 1:96-CV-842, 1997 U.S. Dist. LEXIS 14164 (W.D. Mich., Aug 20, 1997).

3

service, the Marshal shall contact the Plaintiffs' counsel.³ So, too, should the Marshal be unsuccessful at perfecting service of process, the Marshal shall file a report detailing the times and dates upon which service was attempted, as well as the specific reasons that service was unsuccessful (*i.e.*, the full identity of any person declining service, including, but not necessarily limited to, the person's name and title).

## IV. CONCLUSION

For the aforementioned reasons, Plaintiffs' Motion to Render Service Perfected (Doc. 40) is **DENIED**, and the United States Marshal for the District of Puerto Rico is directed to attempt service of process consistent with this Order.⁴

**IT IS SO ORDERED.**

               **s/Kathleen M. O'Malley**
               **KATHLEEN McDONALD O'MALLEY**
               **UNITED STATES DISTRICT JUDGE**

**Dated: July 19, 2010**

---

³ It appears that the Plaintiffs and the Marshal have been attempting service at the business address listed for Guzman and DeJesus. It would be prudent for Plaintiffs' counsel to attempt to determine home addresses for these individuals or be prepared to provided <u>detailed facts</u> explaining why, despite his diligent efforts, he has been unable to do so.

⁴ As service has never been executed upon Defendant FBS and the Plaintiffs make no allegations concerning FBS' attempts to avoid service nor request that the Marshal reattempt service on FBS, Defendant FBS is hereby **DISMISSED WITHOUT PREJUDICE**.